UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | Case No. 3:12-00047 |
| ) | Chief Judge Haynes |
| ) | |
| KENNETH D. LEE ) | |

## PETITION TO ENTER A PLEA OF GUILTY

I, **Kenneth D. Lee**, respectfully represent to the Court as follows:

(1) My true full name is Kenneth D. Lee and I declare that all proceedings against me be had in that name. My date of birth is October 1, 1960. I completed twelve (12) years of formal education.

(2) My retained attorney is **Peter J. Strianse, Esq.**

(3) I have received a copy of the Indictment before being called upon to plead and have read and discussed it with my lawyer, and I believe and feel that I understand every accusation made against me in the Indictment.

(4) I have told my lawyer the facts and surrounding circumstances concerning the matters mentioned in the Indictment and believe and feel that my lawyer knows as much about this as I do. My lawyer has counseled and advised with me as to the nature and cause of every accusation against me. We have thoroughly discussed the government's case against me and my potential defenses to the government's case. My lawyer has explained each element of the crime charged to me and what the government would offer to prove these elements beyond a reasonable doubt.

(5) I understand that the statutory penalties for the offense with which I am charged in the Indictment are as follows:

**Counts One-Three (Mail Fraud, 18 U.S.C. §1341)** – each count carries not more than twenty (20) years incarceration, a $250,000 fine or both, not more than three (3) years of supervised release and a $100 special assessment.

**Count Four** (Hobbs Act Extortion & Attempt, 18 U.S.C. § 1951) -

1

carries not more than twenty (20) years imprisonment, a $250,000.00 fine or both, a term of supervised release of not more than three (3) years and a $100.00 special assessment.

I have been advised that I will be sentenced under the sentencing provisions of the Comprehensive Crime Control Act of 1984. Specifically, I will be sentenced pursuant to the statutorily established sentencing factors enumerated at 18 U.S.C. § 3553(a). I understand that the Sentencing Guidelines established by the United States Sentencing Commission are specifically included as one of several components of the Court's sentencing considerations. I also understand that the Court must treat the United States Sentencing Guidelines as merely advisory and that the Court may or may not impose a sentence within the guideline range after taking into consideration each of the factors set forth in 18 U.S.C. § 3553(a).[1] I also understand that, if the Court fails to follow, improperly or unreasonably applies the statutory sentencing factors set forth at 18 U.S.C. §3553(a) (specifically including the Guidelines), I have a right to a review of my sentence by the United States Court of Appeals for the Sixth Circuit within the limits of the plea agreement. I have been advised by my attorney that the advisory guideline sentence in my case should be from **eighteen (18) to twenty-four (24) months. (However, the parties are proposing, pursuant to Fed.R.Crim.P. 11(c)(1)(C), that the sentence shall not exceed twelve (12) months and one (1) day. The Defendant is free to argue for any sentence below the binding cap, including probation.)** I realize that this is simply my attorney's estimate and that my Guideline range will be calculated by the United States Probation Officer who prepares the presentence report in my case, subject to challenge by either me or the government, with the final guideline calculation being based upon the factual and legal findings of the Court, and with my ultimate sentence being based upon the Court's consideration of all factors set forth in 18 U.S.C. § 3553(a). These sentencing findings are subject to appellate review within the limits of the plea agreement based upon a reasonableness standard.

I further understand that in addition to any sentence of incarceration I may receive that I will be sentenced to a period of supervised release and that, if I violate the terms of that supervised release, I could face revocation of that supervised release and be imprisoned for a term equal to the entire period of supervised release. I have been informed that, under the present federal sentencing system, I will not be subject to parole. I have been informed that I will receive only 54 days good time per year, and it will not vest until the end of each year. I further understand that I may be sentenced to a fine to be calculated through the guidelines unless the Judge finds me indigent and unable to pay any fine. Considered in this fine will be the amount of financial loss to the victim or gain to me as well as the costs of any confinement or probation supervision.

---

[1] In light of the U.S. Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), the U.S. Sentencing Guidelines are effectively advisory, requiring a sentencing court to consider Guidelines ranges, *see* 18 U.S.C. § 3553(a)(4), but permitting it to tailor the sentence in light of other statutory concerns, *see* 18 U.S.C. § 3553(a).

2

I understand that should this plea of guilty be accepted, I will be a convicted felon in the eyes of the law for the rest of my life. This means, under present law that (a) I cannot vote in Tennessee; (b) I cannot possess a firearm anywhere; (c) If I am presently on probation or parole whether state or federal, the fact that I have been convicted may be used to revoke my probation or parole regardless of what sentence I receive on this case; (d) This conviction may be used as one of the necessary convictions a state would have to prove should they decide to prosecute me for being an habitual criminal. If I were convicted of being an habitual criminal I could be sentenced up to life imprisonment depending on state law; (e) I may have to disclose the fact that I am a convicted felon when applying for employment and such disclosure may result in my not getting some jobs and having difficulty in getting others. If I have been convicted of certain drug offenses, my conviction may result in my losing entitlement to certain federal benefits pursuant to the Anti-Drug Abuse Act of 1988.

(6) I understand that I can plead "NOT GUILTY" to any or all offenses charged against me, and continue to plead "NOT GUILTY," and that if I choose to plead not guilty, the Constitution guarantees me (a) the right to a speedy trial and public trial by jury; (b) the right not to testify, and no implication of guilt would arise by my failure to do so; (c) the right to be presumed innocent until such time, if ever, that the government proves my guilt beyond a reasonable doubt to the satisfaction of a court and jury; (d) the right to see and hear all the witnesses and to cross-examine any witness who may testify against me; (e) the right to use the power and process of the court to compel the production of any evidence, including the attendance of any witnesses, in my favor, and to testify in my own behalf if I choose to do so; (f) the right to have the assistance of counsel in my own defense at all stages of the proceedings; (g) if I am convicted at such trial, I have the right to appeal with a lawyer to assist me and the appeal will not cost me any money if I am indigent. I understand that if the court accepts my plea that there will be no jury trial and that I will be convicted of the count(s) to which I plead guilty just as if a jury found me guilty of the charge(s) following a trial, and that the court may impose a sentence upon me with the limits set forth in the plea agreement stated in paragraph ten (10) herein.

(7) No officer or agent of any branch of government (federal, state or local), nor any other person, has told me what sentence I will receive. If there are any agreements between myself, my lawyer and the prosecution concerning my plea, they are fully set forth in paragraph ten (10) below. I understand that, even with a plea agreement, no person can bind the Judge to give any particular sentence in my case and that, if the Judge decides to reject the plea agreement set forth in paragraph ten (10) below, I will be offered the opportunity to withdraw my plea and plead not guilty, if I desire, unless the government has only agreed to recommend a sentence to the court [Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure]. I hope to receive probation or some form of leniency, but I am prepared to accept any punishment permitted by law which the Judge may see fit to impose. I understand that I am not eligible for probation if I am convicted of a Class A or Class B felony punishable by twenty or more years imprisonment. However, I respectfully request that the Court consider in mitigation of punishment at the time of sentencing the fact that, by voluntarily pleading "GUILTY," I have saved the government and

3

the Court the expense and inconvenience of a trial. [Federal Rules of Criminal Procedure. Rule 32(a)(1)]. I understand that if the Judge decides to make a recommendation about where I should serve any incarceration, or whether any sentence of incarceration should be concurrent with any state time I am already serving, that the recommendation is not a promise or a guarantee, but only a recommendation and is not binding on the Bureau of Prisons which will make the final decision (after I am sentenced) about where I will be incarcerated or whether my sentence will be concurrent (unless the judge does not recommend concurrent or orders it to be consecutive) with any state time.

(8) My lawyer has done all that anyone could do to counsel and assist me, and I understand the proceedings in this case against me. My lawyer has done all the investigation and research in this case that I have asked him to do, and I am satisfied with his representation at this point.

(9) I fully understand my rights to plead "NOT GUILTY" and fully understand the consequence of my plea of guilty, I wish to plead "GUILTY" and respectfully request the Court to accept my plea as follows: Plea of Guilty to Count One of the Indictment.

(10) This plea is a result of a plea agreement between my lawyer and the prosecution under the provisions of the Federal Rule of Criminal Procedure 11(c)(1)(C).

    The particularized terms and conditions of the agreement are contained in the attached "Plea Agreement" prepared by Assistant United States Attorneys Jimmie Lynn Ramsaur and Scarlett Singleton.

(11) I offer my plea of "GUILTY" freely and voluntarily and of my own accord; also my lawyers have explained to me, and I feel and believe I understand, the statements set forth in the Indictment, and in this petition, and in the "Certificate of Counsel" which is attached to this petition.

(12) I am not under the influence of either drugs or alcohol.

(13) I pray the Court to enter now my plea of "GUILTY" as set forth in paragraph (9) of this petition, in reliance upon my statements made in this petition.

(14) Recognizing that the Court may reserve acceptance of this plea pending the receipt of the pre-sentence report, I hereby waive the provisions of Rule 32 F.R.Cr.P. to the extent that such provisions conflict with 18 U.S.C. §3552(d), and agree that the pre-sentence report may be disclosed to the U.S. Attorney, my counsel and myself, prior to the sentencing hearing.

Signed by me in open court under the penalties of perjury in the presence of my lawyer, this the _____ day of July, 2013.



_____
**Kenneth D. Lee**

5

## ACKNOWLEDGMENT OF GOVERNMENT ATTORNEY

The maximum punishment, plea and plea agreement are accurately stated above.

*Scarlett Singleton*
**Scarlett Singleton**
Attorney for Government

## CERTIFICATE OF COUNSEL

The undersigned, as attorney and counselor for **Kenneth D. Lee,** hereby certifies as follows:

(1) I have read and fully explained to **Kenneth D. Lee** all the accusations against him in this case;

(2) To the best of my knowledge and belief each statement set forth in the foregoing petition is in all respects accurate and true;

(3) In my opinion the plea of "GUILTY" as offered by **Kenneth D. Lee** in paragraph (9) of the foregoing petition, is voluntarily and understandingly made; and I recommend to the Court that the plea of "GUILTY" be accepted and entered as requested in paragraph (9) of the foregoing petition.

Signed in open court in the presence of **Kenneth D. Lee,** this 29th day of July, 2013.

_____
**PETER J. STRIANSE, ESQ.**
Attorney for Defendant Lee

7

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 3:12-00047 |
| | ) | Chief Judge Haynes |
| KENNETH D. LEE | ) | |

## ORDER

Good cause appearing therefore from the foregoing petition of the foregoing named defendant and the certificate of counsel and for all proceedings heretofore had in this case, it is ORDERED that the petition be granted and the defendant's plea of "GUILTY" be accepted and entered as prayed in the petition and as recommended in the certificate of counsel.

DONE in open court this _____ day of _____, _____.


_____
William J. Haynes, Jr.
Chief United States District Judge

8

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | No. 3:11-cr-00047 |
| v. | ) | CHIEF JUDGE HAYNES |
| | ) | |
| | ) | |
| KENNETH D. LEE | ) | |

## PLEA AGREEMENT

The United States of America, through David Rivera, Acting United States Attorney for the Middle District of Tennessee, and Assistant United States Attorneys Scarlett Singleton and Jimmie Lynn Ramsaur, and the defendant, Kenneth D. Lee, through the defendant's counsel, Peter J. Strianse, pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, have entered into an agreement, the terms and conditions of which are as follows:

### Charges in This Case

1. The defendant acknowledges that he has been charged in the indictment in this case with three counts of Honest Services Mail Fraud, in violation of Title 18, United States Code, Sections 1341 and 1346; and one count of Hobbs Act Extortion, in violation of Title 18, United States Code, Section 1951.

2. The defendant has read the charges against him contained in the indictment, and those charges have been fully explained to him by his attorney. The defendant fully understands the nature and elements of the crimes with which he has been charged.

### Charge to Which the Defendant is Pleading Guilty

3. By this Plea Agreement, the defendant agrees to enter a voluntary plea of guilty to Count One of the indictment, charging a violation of Honest Services Mail Fraud. After sentence

has been imposed on the count to which the defendant pleads guilty as agreed herein, the government will move to dismiss the remaining counts of the indictment.

## Penalties

4. The parties understand and agree that the offense to which the defendant will enter a plea of guilty carries the following maximum penalties: (a) a maximum term of twenty (20) years imprisonment; (b) a fine not to exceed $250,000; (c) a term of supervised release of not more than three years; and (d) a mandatory special assessment of $100 to be deposited into the Crime Victim Fund.

## Acknowledgments and Waivers Regarding Plea of Guilty
## Nature of Plea Agreement

5. This Plea Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and the defendant regarding the defendant's criminal liability in case 3:12-cr-00047.

6. The defendant understands that by pleading guilty he surrenders certain trial rights, including the following:

   a. If the defendant persisted in a plea of not guilty to the charges against him, he would have the right to a public and speedy trial. The defendant has a right to a jury trial, and the trial would be by a judge rather than a jury only if the defendant, the government, and the Court all agreed to have no jury.

   b. If the trial were a jury trial, the jury would be composed of twelve laypersons selected at random. The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause, or without cause by exercising so-called peremptory

2

challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent; that the government bears the burden of proving the defendant guilty of the charge(s) beyond a reasonable doubt; and that it must consider each count of the indictment against the defendant separately.

   c. If the trial were held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not the judge was persuaded of the defendant's guilt beyond a reasonable doubt.

   d. At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those government witnesses and him attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence on his own behalf. If the witnesses for the defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

   e. At a trial, the defendant would have a privilege against self-incrimination so that he could testify or decline to testify, and no inference of guilt could be drawn from his refusal to testify.

  7. The defendant understands that by pleading guilty he is waiving all of the trial rights set forth in the prior paragraph. The defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights.

### Factual Basis

  8. The defendant will plead guilty because he is in fact guilty of the charge contained in Count One of the indictment.

3

In pleading guilty, the defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt:

A.S. was driving to a dentist appointment on August 17, 2011, with her four children in the car. A.S. has diabetes and began shaking while she was driving so she stopped on the side of the road to open a soda. The defendant, former Nolensville Police Officer Kenneth Lee, pulled in front of A.S., approached her car and told her to move from the side of the road to a nearby driveway. He then came back to her car and asked for her driver's license. A.S. told Lee she did not have a license, and he told her she would have to go to jail. Lee asked if she could call someone who had a license to come get her. He told her the fine was $200. When A.S. said she did not have $200, Lee told her the person who would come should bring $200. A.S. used her daughter's cell phone to call relatives. During the time they waited, another officer pulled up but only stayed a few minutes. After a period of time, Lee came back to A.S.'s car and asked whether anyone was coming to pick her up. A.S. told him noone could come. Lee asked A.S. where she was going and she told him she was going to the dentist. Lee told A.S. that she could leave and come back with someone who had a driver's license to pay the $200. He gave Sanchez his business card and wrote his cell phone number and $200 on the back of the card. He told her to call him to arrange payment of the money.

Later that evening, A.S. discussed the matter with her sister-in-law, L.F. A.S. did not have the money to pay, but she had her daughter use L.F.'s phone to call Lee to tell him she could pay $100 that weekend and make arrangements to pay the rest later. When the daughter asked for a location to meet to pay the money, Lee told her to mail the $100 instead of meeting and said A.S. could pay the rest the following week. Lee gave A.S.'s daughter his personal post office box address and said he had A.S.'s information and could find her if she did not pay.

4

The following Monday, August 22, 2011, A.S.'s common-law husband, M.F., gave her $100, which she used to purchase a money order. A.S. kept the receipt and later provided it to the F.B.I. M.F. mailed the $100 money order to Lee's personal post office box.

After the F.B.I. opened an investigation, agents supplied money on two occasions for A.S. to purchase two $50 money orders that were sent to Lee's Post Office Box address. M.F. made a consensually recorded phone call to Lee in January 2012 during which he told Lee that the last $50 is in the mail. M.F. also verified that this payment would assure that A.S. would not be arrested. Regarding the last $50 payment, Lee says: "Yes sir....and that will take care of it. She (A.S.) ah...no jail, no ticket, no nothing." Lee told M.F. to send the money to the same address (his personal Post Office box).

Lee was approached and interviewed by the F.B.I. in February 2012. He admitted telling A.S. he would arrest her if she did not send him $200. A review of Lee's cell phone records show the call from L.F.'s phone on the night of the stop. Additionally there are video/still photos that show Lee cashing the money orders and Lee picking up one of the mailed money orders from the post office. Negotiated copies of all three money orders show Lee's endorsement on the back of them.

This statement of facts is provided to assist the Court in determining whether a factual basis exists for the defendant's plea of guilty and to assess relevant conduct for purposes of the United States Sentencing Guidelines. The statement of facts does not contain each and every fact known to the defendant and to the United States concerning the defendant's and/or others' involvement in the offense conduct and other matters.

5

## Sentencing Guidelines Calculations

9. The parties understand that the Court will take account of the United States Sentencing Guidelines (hereinafter "U.S.S.G."), together with the other sentencing factors set forth at 18 U.S.C. § 3553(a), and will consider the U.S.S.G. advisory sentencing range in imposing the defendant's sentence. The parties agree that the U.S.S.G. to be considered in this case are those effective November 1, 2012.

10. For purposes of determining the U.S.S.G. advisory sentencing range, the United States and the defendant recommend to the Court, pursuant to Rule 11(c)(1)(B), the following:

    (a.) **Offense Level Calculations.**

    i. Pursuant to U.S.S.G. § 2C1.1(a)(1), the base offense level for honest services mail fraud is 14.

    ii. A four-level increase applies, pursuant to U.S.S.G. § 2C1.1(b)(3) because the defendant was a public official in a high-level decision-making and sensitive position at the time of the offense.

    iii. Assuming the defendant clearly demonstrates acceptance of responsibility, to the satisfaction of the government, through her allocution and subsequent conduct prior to the imposition of sentence, a 2-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a). Furthermore, assuming the defendant accepts responsibility as described in the previous sentence, the United States will move for an additional one-level reduction pursuant to U.S.S.G § 3E1.1(b), because the defendant will have given timely notice of his intention to enter a plea of guilty, thereby permitting the government to

6



avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently.

iv. Based on the foregoing, the parties agree to recommend to the court a final offense level of **15**.

(b.) **Criminal History Category.** The parties do not have an agreement as to the defendant's criminal history, but anticipate that it will be category **I**.

(c.) The defendant is aware that any estimate of the offense level or guidelines range that the defendant may have received from the defendant's counsel, the United States, or the Probation Office is a prediction, not a promise, and is not binding on the Probation Office or the Court. The defendant understands that the Probation Office will conduct its own investigation and make its own recommendations, that the Court ultimately determines the facts and law relevant to sentencing, that the Court's determinations govern the final guidelines calculations, and that the Court determines both the final offense level and the final guidelines range. Accordingly, the validity of this agreement is not contingent upon the Probation Officer's or the Court's concurrence with the above calculations. In the event that the Probation Office or the Court contemplates any U.S.S.G. adjustments, departures, or calculations different from those recommended above, the parties reserve the right to answer any inquiries and to make all appropriate arguments concerning the same. The defendant further acknowledges that if the Court does not accept the guidelines calculations of the parties, the defendant will have no right to withdraw his guilty plea.

## Agreements Relating to Sentencing

11. This Plea Agreement is governed, in part, by Federal Rule of Criminal Procedure 11(c)(1)(C). That is, the parties have agreed, notwithstanding the advisory guideline calculations,

7

taking into account the factors set forth in Title 18, United States Code, Section 3553(a) that the sentence imposed by the Court shall include a term of imprisonment of not more than 12 months and a day in the custody of the Bureau of Prisons. The defendant is free to recommend whatever sentence he deems appropriate. Other than the agreed maximum term of incarceration, the parties have agreed that the Court remains free to impose the sentence it deems appropriate. If the Court accepts and imposes no more than the agreed maximum term of incarceration set forth herein, defendant may not withdraw this plea as a matter of right under Federal Rule of Criminal Procedure 11(d). If, however, the Court refuses the agreed maximum term of incarceration, thereby rejecting the Plea Agreement, or otherwise refuses to accept defendant's plea of guilty, either party shall have the right to withdraw from this Plea Agreement.

12. The defendant understands that any recommendation by the Court related to location of imprisonment is not binding on the Bureau of Prisons.

13. Regarding restitution, the parties agree that the defendant owes a total of $200 restitution to be divided as follows:

– $100 to A.S.

– $100 to the F.B.I.

14. Defendant agrees to pay the special assessment of $100 at or before the time of sentencing with a check or money order payable to the Clerk of the U.S. District Court.

### Presentence Investigation Report/Post-Sentence Supervision

15. The defendant understands that the United States Attorney's Office, in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing, shall fully apprise the District Court and the United States Probation Office of the nature, scope, and extent of the

8

defendant's conduct regarding the charges against him, as well as any related matters. The government will make known all matters in aggravation and mitigation relevant to the issue of sentencing, including the nature and extent of the defendant's cooperation.

16. The defendant agrees to execute truthfully and completely a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the United States Probation Office, and the United States Attorney's Office regarding all details of his financial circumstances, including his recent income tax returns as specified by the Probation Officer. The defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1 and enhancement of his sentence for obstruction of justice under U.S.S.G. § 3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001, or as a contempt of the Court.

17. This Plea Agreement concerns criminal liability only. Except as expressly set forth in this Plea Agreement, nothing herein shall constitute a limitation, waiver, or release by the United States or any of its agencies of any administrative or judicial civil claim, demand, or cause of action it may have against the defendant or any other person or entity. The obligations of this Plea Agreement are limited to the United States Attorney's Office for the Middle District of Tennessee and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities, except as expressly set forth in this Plea Agreement.

### Waiver of Appellate Rights

18. Regarding the issue of guilt, defendant hereby waives all (i) rights to appeal any issue bearing on the determination of whether he is guilty of the crime to which he is agreeing to plead

9

guilty; and (ii) trial rights that might have been available if he exercised his right to go to trial. Regarding sentencing, Defendant is aware that 18 U.S.C. § 3742 generally affords a defendant the right to appeal the sentence imposed. Acknowledging this, defendant knowingly waives the right to appeal any sentence that includes a term of imprisonment of 12 months and a day or less as set forth in this agreement. Defendant also knowingly waives the right to challenge the sentence imposed in any collateral attack, including, but not limited to, a motion brought pursuant to 28 U.S.C. § 2255 and/or § 2241, and/or 18 U.S.C. § 3582(c). However, no waiver of the right to appeal, or to challenge the adjudication of guilt or the sentence imposed in any collateral attack, shall apply to a claim of involuntariness, prosecutorial misconduct, or ineffective assistance of counsel. Likewise, the government waives the right to appeal any sentence that includes a term of imprisonment of 12 months and a day or less as set forth in this agreement.

### Other Terms

19. The defendant agrees to cooperate with the United States Attorney's Office in collecting any unpaid fine and restitution for which the defendant is liable, including providing financial statements and supporting records as requested by the United States Attorney's Office.

20. Should the defendant engage in additional criminal activity after he has pled guilty but prior to sentencing, the defendant shall be considered to have breached this Plea Agreement, and the government at its option may void this Plea Agreement.

### Conclusion

21. The defendant understands that the indictment and this Plea Agreement have been or will be filed with the Court, will become matters of public record, and may be disclosed to any person.

10

22. The defendant understands that his compliance with each part of this Plea Agreement extends until such time as he is sentenced, and failure to abide by any term of the Plea Agreement is a violation of the Plea Agreement. The defendant further understands that in the event he violates this Plea Agreement, the government, at its option, may move to vacate the Plea Agreement, rendering it null and void, and thereafter prosecute the defendant not subject to any of the limits set forth in this Plea Agreement, or may require the defendant's specific performance of this Plea Agreement.

23. The defendant and his attorney acknowledge that no threats have been made to cause the defendant to plead guilty.

24. No promises, agreements, or conditions have been entered into other than those set forth in this Plea Agreement, and none will be entered into unless memorialized in writing and signed by all of the parties listed below.

25. <u>The Defendant's Signature:</u> I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the pending indictment. Further, I fully understand all rights with respect to the provisions of the Sentencing Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I understand this Plea Agreement, and I voluntarily agree to it.

Date: 7/29/13

_Kenneth_ [signature]
Kenneth D. Lee
Defendant

26. <u>Defense Counsel Signature:</u> I am counsel for the defendant in this case. I have fully explained to the defendant his rights with respect to the pending indictment. Further, I have reviewed the provisions of the Sentencing Guidelines and Policy Statements, and I have fully explained to the defendant the provisions of those guidelines that may apply in this case. I have reviewed carefully every part of this Plea Agreement with the defendant. To my knowledge, the defendant's decision to enter into this Plea Agreement is an informed and voluntary one.

Date: 7/29/13

_____
Peter Strianse
Counsel for Defendant

Respectfully submitted,

David Rivera
Acting United States Attorney

By _____
Scarlett Singleton
Assistant United States Attorney

_____
Jimmie Lynn Ramsaur
Criminal Chief
Assistant United States Attorney

12

Case 3:12-cr-00047   Document 38   Filed 07/29/13   Page 20 of 20 PageID #: 89